IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case No. 1: 21-mc- <br><br> **Filed Under Seal** |

# APPLICATION OF THE UNITED STATES
# FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Verizon Wireless, a cellular service provider, headquartered in New York City, New York, to disclose certain records and other information pertaining to the following subscribers' phone numbers, as described in Part I of Attachment A:

- Shawn DONAHUE: 603-973-0471
- Daniel DONAHUE: 603-767-0066

The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.[1] In support of this application, the United States asserts as follows:

## LEGAL BACKGROUND

1. Verizon Wireless is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Verizon Wireless to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

---

[1] The Court previously certified a § 2703(d) Order for the phone numbers listed in this application on July 9, 2021. Due to a communication error, however, the Order was never delivered to Verizon, and the requested information was never obtained. Accordingly, the government now submits this application for a new Order.

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating Shawn and Daniel DONAHUE, whose names and phone numbers are listed above (collectively, the "Targets"), for selling firearms without a license. The investigation concerns possible violations of, *inter alia*, 18 U.S.C. § 922(a)(1)(A).

5. The Targets are father and son, and live together at a residence in Rochester, New Hampshire. The investigation of this matter, led by Special Agent Kristi McPartlin of the Bureau of Alcohol, Tobacco and Firearms ("ATF") has revealed that, from November 2020 to the present, Shawn DONAHUE has purchased approximately 33 firearms, and his father, Daniel DONAHUE, has purchased approximately 26 firearms from various federal firearms licensees ("FFLs") in New Hampshire. The cell phone numbers for the Targets are known to ATF because they are listed on the Forms 4473 the Targets filled out in connection of their firearms purchases from FFLs. In connection with an investigation of a separate crime committed in

Rhode Island in which a victim was robbed at gunpoint by two assailants, ATF traced the gun used in the crime and learned that it was purchased 14 days prior to the robbery by Shawn DONAHUE.   The cell phone number of the assailants in the separate crime is known to law enforcement.

6. Separately, in a conversation that Special Agent Kristi McPartlin had with Shawn DONAHUE on July 1, 2021, he admitted that he used his cell phone to access Facebook and communicate about gun sales.

7. In a separate interview of Daniel DONAHUE conducted by ATF Special Agents Forte and Cook on July 1, 2021, Daniel DONAHUE admitted to selling the firearms he had previously purchased and to using his cell phone to communicate with customers. Daniel DONAHUE also told the ATF Agents that, as a matter of habit, he has deleted all of his cell phone calls and text messages.

8. The requested records will help identify potential calls with one or more of the assailants in the armed robbery in Rhode Island, as well as other potential customers being investigated by law enforcement, relating to the Targets' sales of guns.

## REQUEST FOR ORDER

9. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Verizon Wireless be directed to produce all items described in Part II of Attachment A to the proposed Order.

10. The United States further requests that the Order require Verizon Wireless not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a time period of 90 days. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached court order will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior or notify confederates.

11. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

    Respectfully submitted,

    JOHN J. FARLEY
    ACTING UNITED STATES ATTORNEY

    /s/ Aaron G. Gingrande
    Aaron G. Gingrande
    Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case No. 1:21-mc-<br><br>**Filed Under Seal** |

ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Verizon Wireless, an electronic communications service provider and/or a remote computing service headquartered in New York City, New York, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Verizon Wireless shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Verizon Wireless shall not disclose the existence of the application of the United States, or the existence of this Order of the

Court, to the subscribers of the account(s) listed in Attachment A, or to any other person, for 90 days, except that Verizon Wireless may disclose this Order to an attorney for Verizon Wireless for the purpose of receiving legal advice.

    IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
The Honorable Andrea K. Johnstone
United States Magistrate Judge

_____
Date

2

# ATTACHMENT A

**I.     The Account(s)**

The Order applies to certain records and information associated with the following subscribers and phone numbers:

- Shawn DONAHUE: 603-973-0471
- Daniel DONAHUE: 603-767-0066

**II.    Records and Other Information to Be Disclosed**

Verizon Wireless is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period December 2020 to the present, regardless of whether such information is located within or outside of the United States:

A.   The following information about the customers or subscribers of each Account:

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3. Local and long distance telephone connection records (including records of text messages sent and received);
4. Records of session times and durations, and, if applicable, the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5. Length of service (including start date) and types of service utilized;
6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

       8.      Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.      All records and other information (not including the contents of communications) relating to each Account, including:

       1.      Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

       2.      Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

The Provider is hereby ordered to disclose the above information to the government within ten (10) days of issuance of this Order.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by Verizon Wireless, and my title is _____.  I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of Verizon Wireless.  The attached records consist of _____ [pages / CD(s) / megabytes].  I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Verizon Wireless, and they were made by Verizon Wireless as a regular practice; and

    b.    such records were generated by Verizon Wireless's electronic process or system that produces an accurate result, to wit:

        1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Verizon Wireless in a manner to ensure that they are true duplicates of the original records; and

2. the process or system is regularly verified by Verizon Wireless, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

| | |
|---|---|
| Date | Signature |